# IN THE UNITEST STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff** | ) | **CASE NO. 5:19-CR-259** |
| | ) | |
| | ) | **JUDGE DAN A. POLSTER** |
| **v.** | ) | |
| | ) | **OPINION AND ORDER** |
| **DAVONTIERE D. HOLLINSHED,** | ) | |
| | ) | |
| **Defendant** | ) | |

## MEMORANDUM

Before the Court is Defendant Davontiere D. Hollinshed's Letter Motion Requesting Compassionate Release via Home Confinement. ECF Doc. 24. For the following reasons, Defendant Hollinshed's motion is **DENIED**.

### I. Background

On October 15, 2019, Defendant Hollinshed was sentenced to 30 months of imprisonment after pleading guilty to one count of Felon in Possession of a Firearm and Ammunition, 18 U.S.C. § 922(g)(1). At the time of his arrest, Hollinshed had two outstanding arrest warrants, and was on Post-Release Control in the State of Ohio. Hollinshed is currently being held at FCI Hazelton and has a release date of May 15, 2021.[1] In his *pro se* motion, he asks the Court to release him immediately due to the fact that the facility, and in particular the N-2 Unit, where Hollinshed is housed, is experiencing an outbreak of COVID-19. The Court appointed a Federal Public Defender ("FPD") for Hollinshed on December 30, 2020. On January 15, 2021, the FPD filed a Notice of

---

[1] *Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/(last visited Feb. 5, 2021).

1

No Intent to File Supplement to Hollinshed's *pro se* motion. Doc #: 25. On January 29, 2021, the Government filed a response in opposition to Hollinshed's motion. ECF Doc. 26.

## II. Discussion

### A. Exhaustion of Administrative Process

Before petitioning the Court for compassionate release, a defendant must show that he has "fully exhausted all administrative rights" to request relief from the Bureau of Prisons ("BOP"), or else must show that thirty (30) days have elapsed since a request has been received by the warden of the defendant's facility. 18 U.S.C. § 3582(c)(1)(A). This "mandatory claim-processing rule" must be enforced when raised in opposition to an improperly filed motion. *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. Jun. 2, 2020).

Defendant Hollinshed has not demonstrated that he has met the exhaustion requirement. On November 4, 2020, Hollinshed filed his first *pro se* Motion for Compassionate Release. ECF Doc. 22. The Court dismissed the motion *sua sponte* without prejudice, and instructed Hollinshed on the need to show that the exhaustion requirement had been met. ECF Doc. 23. However, Hollinshed's current motion similarly fails to make a showing. Although Hollinshed has included a copy of a letter request to the warden, he has not produced any evidence that this letter was received. As the Government notes, the staff at FCI Hazelton have no record of receiving this letter. ECF Doc. 26 at 12. A plain reading of the statute indicates that it is incumbent upon Hollinshed to ensure receipt by the warden, and that the thirty-day period does not begin until receipt-in-fact of Hollinshed's request. Thus, it cannot be said that he has exhausted his administrative remedies, and the Court cannot accept his motion.

The Government has conceded that administrative errors do happen and that it is possible that Hollinshed's request was misplaced by the prison staff. However, even if the Court were to

2

find that Hollinshed's request had been exhausted, it would fail on the merits, as further explained below.

## B. Factors Warranting Early Release

Under 18 U.S.C. § 3582(c)(1)(A)(i), before granting a sentence modification, a court must find: (A) extraordinary and compelling reasons warrant a sentence modification; (B) the defendant is not a danger to the safety of any other person or the community, and (C) the reduction is appropriate considering the sentencing factors located at 18 U.S.C. § 3553(a). *United States v. Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at *5 (N.D. Ohio Apr. 7, 2020).

### 1. Extraordinary and Compelling Reasons

To determine whether extraordinary and compelling reasons for sentence modification exist, the Court considers whether: (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant resides has a severe COVID-19 outbreak. *See Hardin*, 2020 U.S. Dist. LEXIS 90855, at *5-6; *see also United States v. Jones*, No. 20-3701, 980 F.3d 1098, 1109 (6th Cir. Nov. 20, 2020) ("Until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release…").

Hollinshed has made no claim that he suffers from any adverse medical condition, let alone one that presents an increased risk with COVID-19. The Centers for Disease Control and Prevention ("CDC") have determined that certain medical conditions lead to the likelihood of severe outcomes from COVID-19,[2] and the Court has relied on this list in assessing the risk to individual inmates. But Hollinshed has not stated that he suffers from any of these conditions, and

---

[2] People with Certain Medical Conditions, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 5, 2021).

3

it appears that he does not. *See* ECF Doc. 26 at 18. As such, Hollinshed cannot satisfy the first prong of this test.

Nor does Hollinshed's situation meets the second prong of the "extraordinary and compelling reasons" test. Currently, FCI Hazelton has only six active cases: two among inmates and four among staff.[3] This represents a wholly negligible infection rate within the facility.[4] It appears that the protective measures implemented by BOP in December may have mitigated the need for early release to protect the health of inmates. And, the BOP has begun a program of vaccination of its inmates. ECF Doc. 26 at 2. As "extraordinary and compelling" reasons are a necessary component of the Court's ability to grant compassionate release, and as Hollinshed has failed to provide such reasons, his Motion cannot be granted.

2. **Danger to the Community**

The Court also notes that Hollinshed would fail under the second prong for considering early release. He was arrested for possessing a stolen firearm at a time when there were two active arrest warrants for him. Further, his history contains several convictions for firearms related offenses; he was disqualified from possessing a gun; and that was the basis for his latest conviction. Given this history, Hollinshed has not shown that he poses no danger to the community if released.

---

[3] COVID-19 Coronavirus, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Feb. 5, 2021). Although Hollinshed has attached to his motion a warning of an increase of COVID-19 instances in the N-2 Unit, this letter did not include any specific information on the number of active cases in the unit. ECF Doc. 24-1 at 2.
[4] There are currently 1,288 inmates held at FCI Hazelton. FCI Hazelton, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/locations/institutions/haf/ (last visited Feb. 5, 2021).

4

### III. Conclusion

For the above reasons, Defendant Hollinshed's motion requesting compassionate release, ECF Doc. 24 is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster February 5, 2021*
**Dan Aaron Polster**
**United States District Judge**